## JASPER REED v. STATE.

No. A-2870.   Opinion Filed January 26, 1918.

(169 Pac. 1133.)

**ABATEMENT OF PROSECUTION—Death of Accused.** In a criminal prosecution, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death, and where it is made to appear to this court that a plaintiff in error has died pending the determination of his appeal, the cause will be abated.

*Appeal from Superior Court, Muskogee County;*
*H. C. Thurman, Judge.*

Jasper Reed was convicted of keeping and maintaining a place where intoxicating liquors were kept for sale, and he appeals.   Order that proceedings abate.

*P. A. Gavin,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error, Jasper Reed, was convicted in the superior court of Muskogee county under an indictment charging that in said county on or about December 1, 1915, Jasper Reed willfully and feloniously kept and maintained a place at 706 N. Third St. in the city of Muskogee, where intoxicating liquors were kept for the purpose of selling the same, and in pursuance of the verdict he was sentenced to imprisonment for one year in the penitentiary and to pay a fine of $100 and costs.   To reverse the judgment an appeal was perfected.

The Attorney General has filed a statement showing that after the appeal was taken the plaintiff in error was

8-14

killed in a fight.   His death having been suggested, the proceedings abate.   In *Carson v. State,* 12. Okla. Cr. 461, 158 Pac. 639, it is said:

"In a criminal prosecution, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death, and where it is made to appear that the plaintiff in error has died pending the determination of his appeal the cause will be abated."

It is therefore adjudged and ordered that the proceedings in this cause do abate, and the same is remanded, with direction to the trial court to enter its appropriate order to that effect.

ARMSTRONG and MATSON, JJ., concur.